FILED
2016 Oct-31  PM 03:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

CHRISTOPHER LAMONT LEWIS, )
)
          Plaintiff )
)
    vs. )    Case No.  4:16-cv-00254-VEH-HGD
)
SHERIFF TODD ENTREKIN, )
et al., )
)
        Defendants )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States during his incarceration at the Etowah County Detention Center.  (Doc. 11). The plaintiff names the following defendants in the amended complaint:  Deputy Jailer Tommy Johnson, Chief Scott Hassell, and Sheriff Todd Entrekin.  (*Id.* at 3). In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

# I.  Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted.  *Id.* Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist.  *Id.* at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted.  A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007).  In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II.  Procedural History

On July 21, 2016, the plaintiff was advised that his initial complaint constituted a "shotgun" pleading and he was ordered to re-plead his complaint within thirty (30)

days. (Doc. 9).   The plaintiff filed his amended complaint on August 24, 2016, (doc. 11) which is the subject of this report and recommendation.

### III.  Factual Allegations

The plaintiff is being held in the Etowah County Detention Center in Gadsden, Alabama.[1] He alleges that on January 26, 2016, he was subjected to "violent physical assault" by Deputy Jailer Tommy Johnson. (Doc. 11).  On that date, Officer Johnson allegedly grabbed the plaintiff's lunch tray from the "tray flap" and attempted to force the flap shut while the plaintiff's "hands, wrists, and forearms, were still outside the flap." *Id*. at 4 and 8.[2]  Johnson attempted to force the flap door shut, and "repeatedly" kicked the door while the plaintiff's hands were "still attached," causing "serious lacerations and swelling of [the plaintiff's] hands and wrists" *Id*. at 4 and 8.  The plaintiff alleges that Officer Johnson then denied his requests to obtain medical care for his injuries.  *Id*. at 10-11.  He now seeks compensatory damages and injunctive relief. *Id*. at 4.

---

[1] The complaint does not disclose whether the plaintiff was a pretrial detainee or a convicted prisoner at the time the events made the basis of his claims occurred.  However, the court takes judicial notice of his complaint in *Lewis v. Clay*, Case No. 4:16-cv-00287-LSC-HGD, which indicates there are *ongoing* criminal proceedings in the Etowah County courts with regard to two counts of sexual abuse.  Therefore, for purposes of this review, the plaintiff's claims will be examined from the premise that he was a pretrial detainee during the events described.  *Id*. at doc. 9, pages 6  and 7.

[2] It can be reasonably inferred by the plaintiff's statements that he was resisting Officer Johnson's attempts to close the tray door.  *See* Doc. 11 at 4; Doc. 1 at 7-8.

## IV. Analysis

Claims involving alleged mistreatment of an arrestee are governed by the Fourteenth Amendment's Due Process Clause. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996). The recent Supreme Court case of *Kingsley v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466, decided June 22, 2015, clarified the standard by which a pretrial detainee's excessive force claim is governed under the Fourteenth Amendment.[3]

In *Kingsley*, the Supreme Court concluded that a pretrial detainee "must show only that the force purposely or knowingly used against him was objectively unreasonable." 135 S.Ct. at 2473. However, the court stressed that this standard is not to be applied "mechanically." Instead, the determination of objectively unreasonable "turns on the facts and circumstances of each particular case." *Id.*; *quoting Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted). Accordingly, this determination is to be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with

---

[3] At one point in the plaintiff's statement of claim, he indicates the events occurred on January 26, 2015, several months prior to the *Kingsley* decision. (Doc. 11 at 3). However, copies of the several inmate grievance forms prepared in connection with the events are dated January 26, 2016. *Id.* at 5-12. It seems evident that the events occurred in 2016 and that the plaintiff mistakenly entered the 2015 date at that one point in the complaint. In any event, it is likely that the *Kingsley* decision applies retroactively. *See Tims v. Golden*, 2016 WL 1312585, at *8 (S.D. Ala. April 4, 2016).

the 20/20 vision of hindsight." *Id*.[4]  In that regard, several factors "may bear on the reasonableness or unreasonableness of the force used," including: 1) the relationship between the need for the use of force and the amount of force used; 2) the extent of the plaintiff's injury; 3) any efforts made by the officers to temper or limit the amount of force; 4) the severity of the security problem at issue; 5) the threat reasonably perceived by the officers; and 6) whether the plaintiff was actively resisting.  *Id*. Because the standard is an objective one, the intent or motive of the officers is not relevant.  *Id*. at 2473-74.

Examined in light of the factors set forth in *Kingsley*, the plaintiff has alleged sufficient facts to have at least minimally stated a claim of excessive force against Officer Tommy Johnson.  Although there may have been a legitimate need to close the tray door on the plaintiff's cell, the amount of force used, as alleged in the complaint, could be construed as excessive in relation to that need.[5]  The plaintiff contends that Johnson repeatedly kicked the tray door using "heavy combat style boots" while his hands and fingers were still inside the door.  (Doc. 11 at 8).  While

---

[4] "[T]he use of an objective standard adequately protects an officer who acts in good faith." *Kingsley*, 135 S.Ct at 2474.

[5] In *Kingsley*, the Supreme Court reiterated that a pretrial detainee "can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective *or that it is excessive in relation to that purpose*."  135 S. Ct. at 2473-74.  (emphasis added).

this court is to "appropriately defer" to the judgment of jail officials with regard to the need to maintain order and discipline, a reasonable jury could conclude that Officer Johnson's actions exceeded the need at that moment. *Kingsley*, 135 S. Ct. at 2473. Furthermore, it does not appear that Officer Johnson made attempts to temper or limit the amount of force used.[6]

Additionally, there does not appear to have been a severe threat or security issue at the time. Although the plaintiff may have ignored orders to remove his hands from the tray door slot, there are no facts before the court which demonstrate this act alone created a serious threat to the safety of officers or other prisoners. Despite the fact that the plaintiff may have actively resisted attempts to close his tray door, viewed from the perspective of a reasonable officer on the scene, it appears Officer Johnson could not have reasonably perceived a serious threat to jail safety or security for that reason alone.

The plaintiff has also alleged he suffered "serious skin lacerations and swelling of [his] hands and wrists," and that he "now sees a bone specialist because of the wrists injuries." (Doc. 11 at 5). Although these allegations will be subject to further

---

[6] In addition to the use of kicks against the plaintiff's hands and wrists, Officer Johnson's failure to temper his response is further evidenced by the plaintiff's allegations that he was denied medical help by Johnson despite having "cut, lacerated, beat up, bruised, and bleeding fingers and hands." (Doc. 11 at 10-11).

examination, they are sufficient to demonstrate a potentially unreasonable use of force in light of the ostensibly minor security issue at hand.  Accordingly, Officer Tommy Johnson should be required to respond to the plaintiff's allegations of excessive force.

In addition to an excessive force claim, the plaintiff also asserts allegations that he requested medical care for his injuries but was ignored by Officer Johnson. (Doc. 11 at 10-11).  It is clear that a guard's intentional denial or delay in providing medical care to a prisoner or his interference with prescribed treatment can be evidence of deliberate indifference.  *Brown v. Hughes*, 894 F.2d 1533 (11th Cir. 1990); *Washington v. Dugger*, 860 F.2d 1018 (11th Cir. 1988).  Taken as true for purposes of this initial review, the amended complaint presents facts which indicate Officer Johnson had knowledge of the plaintiff's serious injuries but ignored his pleas for medical assistance.  It is well settled that a guard's deliberate indifference to a prisoner's serious medical need violates the Constitution.  Accordingly, Officer Johnson should be required to respond to the plaintiff's claims in that regard.

A different result is reached with regard to defendants Chief Hassell and Sheriff Entrekin.  The only allegation made against these defendants is that Officer Johnson was "under [their] supervision" at the time of the events on January 26, 2016.  (Doc. 11 at 3).  However, there is no allegation that Hassell or Entrekin took

part in those events or that Johnson was acting pursuant to specific orders by either of them.  Instead, the plaintiff simply attempts to assert a claim against them based upon their supervisory capacities at the Etowah County Detention Center.  In that regard, it is well settled that "[t]here is no *respondeat superior* liability under § 1983."  *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995), *citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978); and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   Supervisory personnel may be held accountable for the constitutional violations of their subordinates only upon proof that they (1) were directly involved in the wrongdoing; (2) failed to remedy a wrong after learning of it through report or appeal; (3) created or allowed a policy under which the violation occurred; or (4) were grossly negligent in managing the subordinates who caused the wrongdoing. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). The plaintiff presents no facts which satisfy any of these prerequisites.[7]

## V.  Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** all claims in this action, except the excessive force claim and denial of medical care claim against

---

[7] On the contrary, stating that Officer Johnson acted "outside of his duties of a deputy and protocol for specific situations (sic)," the plaintiff at least implies that the jail employs policies or standards regarding the appropriate treatment of prisoners and that Johnson's actions violated those standards.  (Doc. 11 at 3).

Officer Tommy Johnson, be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief can be granted. The undersigned **FURTHER RECOMMENDS** the excessive force and denial of medical care claims against Officer Tommy Johnson be **REFERRED** to the undersigned for further proceedings.

## VI.  Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection.  Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific

objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

**DATED** this 31st day of October, 2016.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE