FILED
2019 Feb-08 PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

January 25, 2019 (Friday)

United States District Court
1729 - 5th Ave. North
Birmingham, AL 35203

4:16-CV-254-RCA-HNJ

Honorable Annemarie Carney Axon:

Approx. one (1) week ago - today, a telephonic conference took place at approx. 10:00 am between the plaintiff and the attorney's for the defendant before yourself, ma'am. According to mine understanding, I was instructed to update initial disclosures, request for attorney to be appointed on behalf of plaintiff, etc. and to have done and postmarked by January 18, 2019.

Wednesday, January 16, 2019, the court set for a telephonic conference. Court then gave plaintiff about a day to fulfill its deadline to submit documents. Unfortunately, due to some extreme and substantial and unfortunate circumstances, the plaintiff has been unable thusfar to meet its deadline with success and now asks the court to be even linient and understanding as the plaintiff attempts to show good cause thereof.

## Motion to Show Good Cause

Your Honor, whether you are or the court is aware or not, the plaintiff is incarcerated in one of the most hostile, corrupt, crooked, violent, unruly counties (Etowah) and facilities (Etowah County Jail) in the state of Alabama. Its reputation for lies, deceit, scandals, cover-ups, deaths, embezzlement and more are long, extensive, and well-known publicly and nationally.

Most recently, Todd Entrekin (ex-Sheriff) was replaced by the new presiding Sheriff Johnathan Horton - Etowah County. Also, Scott Hassell (ex-Chief of Jail) was replaced by his assistant chief - now Chief of Etowah County Jail - Chief Peek. All of which just took place within the first two (2) weeks of January 2019, the current month.

Due to the filing of this lawsuit of January 2016, I have experienced some horrific, painful, stressful, exhausting, frightening, unnecessary, retaliations under the powers of Entrekin, Hassell, & Peek. Mostly, undocumented b/c of fear of "what if." Fear for my safety, my life, and their close affiliations with the Judges, Probation, Prosecutors, and Community Corrections Program, all of whom are basically right next door, within walking distance.

Since my return to jail in August of 2018, I have been targeted by the Etowah County Jail, twice, by the SOR Team and an officer whereas I have been beaten, assaulted, pepper sprayed, and tased-3x's for no justifiable reasons at all. Period. Then threatened of the consequences of paperwork filed. August 2018 thru January 2019 has definitely been SCARY! Records and documentation requested by the courts of the jail thru administration records and medical records and documentation should verify if even if its been attempted to cover-up. But, most recently is what's most important, thus the plaintiff's reason for good cause.

Document 40 was filed by the court on 01/03/19 and received by the jail, immediately, thereafter, notifying them to make Mr. Lewis available for the telephone call at 10:00 am on January 16, 2019. The court asking the Chief Jailer (Chief Peek) to be notified of this order. Within that approx. (10-day) time period, the Chief of the Jail - now, whom used to be the asst. to the Chief - Hassell, after receiving that order split the Murder Unit in half from Murders/Capital Murders and strategically

moved about 10-15 general population inmates from where I was housed on the other side of the jail in Unit 8 to other various units within the jail and had about 10 to 12 High Level/High Risk inmates w/ Murder Charges who have a unit within the jail - Unit 2 (The Murder Unit) - compiled only of inmates w/ Murder and Capital Murder Charges brought to Unit 8 where I was housed on Monday, January 14, 2019, two days before my telephonic conference with the United States District Court for lawsuit against ECDC.

Officers/deputy's activity's logs will show the following for verification purposes: Two days later, after the telephonic hearing at approx. 0200-0300 am the new assistant chief - Bullock was sent by the presiding chief - Peek (ex-asst. chief) in the wee hours of the morning to speak w/ inmates Harryko Jackson (general population) and Jessie Altman (murder unit) on orders to have a "hit" carried out on Christopher Lewis in cell 810, on the morning of Saturday, January 19, 2019. The following day, Sunday, January 20, 2019, four (4) inmates from cell 814, (2) two inmates from cell 818, one inmate from cell 817, and one (1) inmate from cell 821 all took the "hit" from the asst. chief and attempted to gang rape/sexual assault, all while beating him, the plaintiff, up very badly in cell 818. (6) six murder unit inmates and (2) general population inmates.

The very next day, January 21, 2019, between the hours of 3:00pm - 4:30pm the plaintiff became, after multiple threats of killing him, threats of extortion, threats of repetitive daily assault for the next 2 to 3 months, and sexual threats of being forced to give oral sex and submit to anal penetration, ~~the~~ afraid for his life and safety and begin to fight two of the nearby assailants, sending one to outside hospital for wound care. Oddly, no disciplinary paperwork was ever served. Refer to PREA phone calls for investigation. Refer also to "lapel cameras" from deputies Hare and Argo - SOO Team Members for recordings from

PREA response of either Tues. Jan. 22 or Wed. Jan. 23, 2019.
One of the most important matters in this motion to show good cause is this: On Monday, January, 21, 2019, Deputy Thompson, Unit officer for dayshift-Unit 8-plaintiff's housing quarters at that time, allowed the same inmates whom had been involved in assault against the plaintiff to enter the plaintiff's cell after being been escorted out of the Unit by SOA Team Officers and allowed to steal (by deputy's permission) all of plaintiff's personal property - the same property/belongings they'd previously demanded otherwise:

(1) Murray's Hair Pomade    (1) Blue Magic Hair Dressing
(3) Power-Up Deodorant  (1) Speed Stick Deodorant  (1) Gilette Deodorant
(1) Chap-Et Lip Balm    (2) Petroleum Jelly    (1) Cotton Swabs
(4) Colgate Toothpaste  (3) Dove Soap  (2) Irish Spring Soap  (2) Neutrogena
(5) Black Ink Pens  (4) 8.5 Letter Pads  (10) White Envelopes  (10) Stamps
(9) E-Cigs  (5) Keefe Coffee Bags  (3) Peanut Butter Jars
(1) Garlic Powder  (1) Seasonal Seasoning Salt  (1) Dehydrated Onions
(5) Mayo Strips (1) Refried Beans (30) Soups  (3) Cheese Spreads
(5) Kool-Aid Boxes    (4) Chili    (2) Brown Clasp Envelopes

Therefore, making it that much more complicated for plaintiff to meet or make his deadline in a timely manner, which would have been only a day later from Friday (that following Monday, b/c weekends and holidays don't count). The plaintiff was w/o stamps, envelopes, paper, or pen! No property. Policy to staff regarding inmates property clearly states that deputies are to make an itemized log of all inmate's property/belongings, in writing and a copy is to be filed and a copy is supposed to be given to inmate upon receiving property. It is the officers responsibility and the officers are responsible for inmates property after inmate has left the unit. Plaintiff is sure no log, no inventory

sheet, nor signature of Deputy Thompson exist on any inmate property inventory log sheet for Christopher Lewis on Monday, January 21, 2019. Deputy Thompson is and shall be held responsible for the negligence and loss of all plaintiff's property as can be seen on camera - Unit 8 - inmates stealing plaintiffs property and officer NOT reporting the theft.

Note: On Monday, January 21, 2019, officer Farris, can be seen on camera from inside the officer's station standing up watching the eight (8) inmates cludge/jump Christopher Lewis in cell 818 and never ever called a Code Red. Watched approx. 120 seconds or more of stomping, punching, kicking, clothes ripping, sexual assaulting, etc. (RETALIATION) Also, Note: Farris was same officer who was on duty the night asst. chief brought hit to inmates @ 0200-0300 am. He was aware and part of the plot on the morning of Saturday, January 19, 2019. Camera seige and review will show and prove. Please, have jail save for review for proof of ~~retalit~~ retaliation.

Last but not least, after I have been put in a situation where my life has been put in a dangerous situation w/ Murder inmates who have "nothing" more to live for b/c of the amount of time their facing - life/ life w/o parole/ 99+ yrs. 50+/60+/etc. vs. me/myself w/only misdemeanor charges, administration then has me housed in Unit 2, right now, currently, with all capital murder inmates after I, just, defensively, protected myself against their "friends" - the murder inmates, and sent one to the hospital. My life is in imminent and grave danger. I do not know what to do. Nor who to talk to. This situation is
✱ ✱ ✱ serious and the Eighth Amendment protects against future harm to an inmate!! And I have again and again suffered harm and now even more substantial harm, other than the harm that I've already faced from this initial lawsuit.

Note: Harryko Jackson was not an assailant. He only received msg. from asst. Chief Bullock. Inmate Jessie Altman was involved completely.

## Motion to Request Counsel

Plaintiff hereby asks the court to please consider appointing a pro bono civil attorney to represent him in the 1983 Civil Rights lawsuit against the High-Powered, well-experienced, reputable law firm Webb & Eley whom are representing the defendant(s) of the Etowah County Jail. After making it this far and putting so much pro se work representing himself, the ~~defendant~~ Plaintiff hereby prays that the court appoint him someone with _experience_ and _drive_ who's willing to fight with the plaintiff in effort to win this deliberate indifference case in trial. The plaintiff reminds the court that he has been dealing the excruciating pains in his hands and wrists on/in his left/rights for over 3 yrs. now. At 33 yrs. old, it's unbelievable how limited he has become and truly believes w/ all sincerity that Etowah County should pay for the wrong they have done.

## Motion to Request Leave to Appeal Excessive Force Claim on Qualified Immunity

Plaintiff asks the court, if it's not too late, to allow the plaintiff to appeal the Memorandum Opinion and Order saying the plaintiff has submitted no evidence that defendant continued to kick his arms and hands after the initial attempt to close the flap was unsuccessful. Also, that the plaintiff has not demonstrated that defendant was on notice that his conduct violated a clearly established right to be free from excessive force. As understood in the telephonic conference w/ Honorable Annemarie Axon, it was established that plaintiff missed out on receiving pertinent paperwork from the courts that would have enabled me to be aware of the courts decisions and opportunities to appeal. Plaintiff feels he has a case that is legit and has legs to stand on and wishes to continue fighting.

## Motion to Request Trial By Jury

Plaintiff hereby request case # 4:16-cv-254-ACA-HNJ to be tried by a jury of 12 jurors in trial.

## Initial Disclosures Update

### List of Medical Providers Plaintiff has been seen by:
- CED mental Health
- Dr. Blackstock
- Northeastern Orthopedics
- Dr. Sparks
- Riverview ~~Regional~~ Medical Center (RMC)
- Gadsden Regional Medical Center (GRMC)

### Witnesses:
- Dre Towles (Andre Towles)
- Rico Jackson (Harryko Jackson)
- Deputy Helms
- Lt. Reed ~~and~~ (Andy Reed)
- Nurse Marie Veal
- Witness # To Be Added
- Witness # To Be Added
- Witness # To Be Added
- Witness # To Be Added
- Witness # To Be Added

## Certificate of Service

I hereby certify that on this the 25th day of January, 2019, I have provided and filed the foregoing unto the Clerk of the Court using the United States Postal Service properly addressed and postage paid to the following:

United States District Court
1729 - 5th Ave. North
Birmingham, AL 35203

s/ Christopher L. Lewis, pro se
_____, pro se